NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0725n.06

No. 09-3714

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Oct 26, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff-Appellee,        )
                                   )        ON APPEAL FROM THE UNITED
v.                                 )        STATES DISTRICT COURT FOR
                                   )        THE NORTHERN DISTRICT OF
DAVID F. MAYS,                     )        OHIO
                                   )
        Defendant-Appellant.       )


**Before:  NORRIS, SUTTON, and GRIFFIN, Circuit Judges.**


**PER CURIAM.**   David F. Mays appeals the district court's judgment of conviction and sentence.

A jury found Mays guilty of RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and conspiracy to use or carry a firearm during and in relation to a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(o).  The district court sentenced him to respective prison terms of 121 and 120 months, to be served consecutively.  This court affirmed Mays's convictions, but remanded for resentencing.  *United States v. Mays*, 285 F. App'x 269 (6th Cir. 2008).  On remand, the district court determined that Mays's base offense level was 28 and, after adding four levels because the victim sustained permanent or life-threatening injuries, that his total offense level was 32.  Based on the total offense level of 32 and a criminal history category of II, the district court calculated Mays's guidelines range of imprisonment to be 135 to 168 months.  The court varied upward, however, and sentenced Mays to concurrent prison terms of 192 months.

On appeal, Mays argues that his sentence was unreasonable in several ways: (1) the district court improperly applied the four-level enhancement under USSG § 2A2.1(b)(1)(A) for causing permanent or life-threatening injuries to the victim; (2) the court failed to adequately explain its conclusion that Mays's criminal history category underrepresented his true criminal history; (3) the court failed to adequately explain its rejection of Mays's argument that he should be given a lesser sentence based on time that he spent in state prison on related charges; and (4) the court improperly varied upward from the guidelines and failed to adequately explain its decision to do so.

We review sentences for both procedural and substantive reasonableness using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted); *see, e.g.*, *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011) ("touchstone" for review of above-guidelines sentence is "whether the length of the sentence is reasonable in light of the § 3553(a) factors" (citation omitted)). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Vowell*, 516 F.3d at 510 (internal quotation marks and alterations omitted).

The district court did not abuse its discretion in imposing Mays's sentence. The court properly applied the four-level enhancement under § 2A2.1(b)(1)(A) in light of the victim's testimony "that he suffered four bullet wounds in the left side of his back and two collapsed lungs." *Mays*, 285 F. App'x at 274. The court gave proper consideration to the relevant § 3553(a) factors, explaining that an upward variance was warranted by "the seriousness of the offense," the nature of the criminal behavior in which Mays and "the entire enterprise was engaged," and the court's determination that Mays's criminal history "underrepresents the threat of recidivism." Contrary to Mays's argument, moreover, the court indicated that it considered his state prison time in fashioning an appropriate sentence.

Accordingly, we affirm the district court's judgment.