RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Nos. 06-5742/6535

WALTER FRANKLIN VOWELL (06-5742), and
KATHERINE SUE PRATT (06-6535),

*Defendants-Appellants.*

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 04-20474—Bernice B. Donald, District Judge.

Argued and Submitted: November 2, 2007

Decided and Filed: January 29, 2008

Before: BATCHELDER, COLE, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Edwin A. Perry, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Randolph W. Alden, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, Stephen A. Sauer, Memphis, Tennessee, for Appellants. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

## OPINION

---

ALICE M. BATCHELDER, Circuit Judge. Co-Defendants/Appellants Katherine Sue Pratt ("Pratt") and Walter Franklin Vowell ("Vowell") appeal the sentences imposed by the district court after they pleaded guilty to coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct and possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B) respectively. The district court sentenced Pratt to 240 months on count one and 120 months on count two, to be served concurrently, followed by a lifetime of supervised release. It sentenced Vowell to 540 months on count one and 240 months on count

1

two, to run consecutively, for a total of 65 years in federal prison, followed by a lifetime of supervised release.

Both Vowell and Pratt filed timely appeals, challenging the procedural and substantive reasonableness of their respective sentences. Pratt also claims that the district court plainly erred by failing to notify her of its intention to sentence her above the Guidelines range. Because we conclude that both sentences were reasonable, and that Pratt had adequate notice of the district court's intention to sentence her above the Guidelines range, we **AFFIRM** both sentences.

## I. FACTUAL BACKGROUND

### A. Offense conduct

Vowell's mother brought his and Pratt's conduct to the attention of the authorities when she found a videotape depicting sexual acts between Vowell and a prepubescent child. In the course of their investigation, Tennessee Bureau of Investigation agents discovered the facts that follow, which neither Vowell nor Pratt disputes.

Vowell was Pratt's live-in boyfriend at the time of the criminal actions giving rise to this prosecution. The two made a videotape containing three separate instances, on three separate dates, of Vowell, a forty year-old man, sexually molesting Pratt's then eight year-old daughter, "K.T.," while Pratt — wearing a hood over her head to hide her identity from her child — operated the camera. During the first two encounters, K.T. appears to be drugged and asleep. The tape shows Vowell committing various sexual acts against K.T., including fondling, digital to genital contact, oral to genital contact, and attempted genital and anal penetration of the child. Several times Pratt's voice is clearly audible on the tape, including one occasion when she asks Vowell if he is "getting tired."

During the third videotaped sexual encounter, K.T. is awake and responds to Vowell's sexual commands. Vowell and K.T. both performed oral to genital contact, and Vowell attempted genital to genital penetration. At several points, Pratt zoomed the camera in for close-up views of Vowell sexually assaulting her eight year-old child. Vowell believed that he and Pratt could sell the tapes for up to $3,000, and the two intended to do so. The videotaped encounters, however, were not the only instances of Vowell's sexual misconduct. Vowell told Pratt that he had sexually assaulted K.T. on other occasions. In particular, on one occasion Vowell forced K.T. to perform oral sex on him before he would give her money to purchase books at a book fair. K.T. protested, telling Vowell that she did not want to have to do things like that anymore.

After learning of the investigation, Vowell fled. He stole a car in Dyersburg, Tennessee, and, after abandoning that car, eventually ended up in Florida. Law enforcement apprehended him there on February 16, 2005, after he stole his employer's car.

### B. The sentencing hearings

Vowell was the first of the defendants to be sentenced. The district court explained in detail the Guidelines' calculation contained in the Presentence Report ("PSR"), which yielded a total offense level of 32 and a range of 188-235 months' incarceration for the two counts. But the court pointed out that, notwithstanding the Guidelines' range, the statutory minimum sentence for violating 18 U.S.C. § 2251(a) is 300 months.[1]

---

[1] The minimum is 300 months in accordance with 18 U.S.C. § 2251(e) because Vowell has a prior conviction for statutory rape.

In response to Vowell's objections to the application of two special offense characteristics — the offense involved distribution for pecuniary gain and the offense involved a pattern of sexual abuse of a minor — the district court heard the testimony of an agent of the Tennessee Bureau of Investigation who had taken Pratt's voluntary statement at the outset of the investigation into the offenses. The agent explained what that statement and the videotape contained, and on the basis of that information, the district court overruled Vowell's objections. The court then specifically considered and discussed the 18 U.S.C. § 3553(a) factors, emphasizing the abusive and heinous nature of Vowell's conduct, the lasting damage he had inflicted on his victim, and, given Vowell's prior statutory rape conviction, the significant need to protect the community. Next, the district court pointed out that Vowell needed treatment because he is a threat to children. Lastly, the court emphasized the need for punishment in this case, particularly because of the harm Vowell caused K.T. and the need to combat the child pornography industry. The district court then imposed its sentence: consecutive terms of 45 years' incarceration on count one and 20 years' incarceration on count two, to be followed by a lifetime period of supervised release. The court reiterated that Vowell had essentially destroyed the life of K.T., and that Vowell's sentence "is to make sure that you do not have an opportunity to abuse another child." Before the district court, Vowell raised no objection to the sentence.

Several months later, the district court sentenced Pratt. According to undisputed information in the PSRs, both K.T., the victim of the sexual assaults perpetrated and recorded by the defendants, and B.T., her minor brother, have suffered serious psychological and emotional damage as a result of the defendants' conduct. K.T., now 11 years old, and her older brother, B.T., now age 14, were living in foster homes at the time of Vowell's sentencing hearing, but were living with Pratt's sister, Mary Jones Reed ("Jones Reed"), at the time of Pratt's sentencing. Both children are receiving counseling due to significant behavioral problems. K.T. blames herself for the terrible abuses committed against her. Furthermore, B.T. blames K.T. for sending Pratt to prison. At Pratt's sentencing hearing, Jones Reed testified that she believes the abuse K.T. has suffered will affect K.T. for the rest of her life. In addition to hearing testimony from Jones Reed, the district court heard testimony from a psychologist who had examined Pratt. Finally, the court heard the testimony of Ms. Pratt herself.

The district court calculated Pratt's base offense level at 33 for count one and 29 for count two. Adjusting the offense level for multiple counts, the district court found that her Guidelines range was 168-210 months, but noted that violation of 18 U.S.C. § 2251(a) carried a mandatory minimum sentence of 15 years' incarceration. The district court then discussed at length the 18 U.S.C. § 3553(a) factors before deciding Pratt's sentence.

The district court began by emphasizing that Pratt had not only permitted but had assisted Vowell in assaulting her daughter on multiple occasions, and that the abuse would not have stopped but for the intervention of law enforcement. Acknowledging that Pratt had been diagnosed as having a dependent personality and as suffering from feelings of helplessness, the district court found that society needed to be protected from Pratt, and that Pratt needed to be protected from herself. The district court noted that counsel for the Government had already detailed many of the § 3553(a) factors, and that the court did not need to repeat all of them. That said, the court did examine the kinds of sentences available for the offenses and Pratt's specific characteristics, explaining that it had "to impose a sentence that is sufficient but not greater than necessary to satisfy the various sentencing objectives." The court explained that, in light of the seriousness of the offense as well as Pratt's history, the Guidelines range did not yield a sufficient sentence. Therefore, the district court sentenced Pratt to 20 years in prison, with supervised release for life. And the court specifically ordered that Pratt receive intensive psychological and mental health treatment, with the hope that this treatment would provide Pratt the opportunity to recover eventually from her psychological problems and to lead a normal life.

## II.  STANDARD OF REVIEW

We review sentences imposed by the district court for reasonableness.  *United States v. Conrad Smith*, 474 F.3d 888, 892 (6th Cir. 2007) (citing *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006)).  We afford sentences within the applicable Guidelines range the presumption of reasonableness.  *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).  That does not mean, however, that a sentence outside of the Guidelines range — either higher or lower — is presumptively unreasonable.  *Id.*; *Collington*, 461 F.3d at 808.  A sentence outside the Guidelines carries with it no legal presumption.  *Rita v. United States*, 551 U.S. —, 127 S.Ct. 2456, 2467 (2007).  With its recent decision in *Gall v. United States*, No. 06-7949, 2007 WL 4292116 (U.S. Dec. 10, 2007), the Supreme Court has explicitly reined in appellate review of sentences, holding that we must review every sentence that is free from significant procedural error under a deferential abuse-of-discretion standard, regardless of whether the sentence is within the Guidelines range or significantly outside it.  *Id*. at \*\*7-8.

## III.  ANALYSIS

The Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), changed the landscape of federal sentencing.  As a result of that decision, courts of appeal now review for "reasonableness" each sentence imposed by a district court, and in reviewing a sentence, we "distinguish[] between procedural and substantive reasonableness."  *United States v. Poynter*, 495 F.3d 349, 351 (6th Cir. 2007) (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

The Supreme Court has now summed up our review for procedural reasonableness:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.

*Gall*, 2007 WL 4292116, at \*7.  Anticipating *Gall*'s edict regarding appellate review for procedural reasonableness, we have consistently held, post-*Booker*, that a sentence may be procedurally unreasonable if the district court did not consider the applicable Guidelines range or neglected to consider the factors set forth in 18 U.S.C. § 3553(a), and instead simply chose a sentence that the judge deemed appropriate.  *See, e.g.*, *Collington*, 461 F.3d at 808.  We further require that the district court explain "its reasoning to a sufficient degree to allow for meaningful appellate review."  *United States v. Trejo-Martinez*, 481 F.3d 409, 412-13 (6th Cir. 2007); *see also United States v. Lonnie Davis*, 458 F.3d 505, 510 (6th Cir. 2006) ("The district court's thorough consideration of the § 3553(a) factors certainly allows for intelligent appellate review.").  Moreover, the district court should set forth enough facts to satisfy this court that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority.  *Rita*, 127 S.Ct. at 2468.

Our precedents require that when we review a sentence for substantive reasonableness, we consider more than simply the length of the sentence.  *Webb*, 403 F.3d at 383.  That is, we will also look to the factors the district court evaluated in determining its sentence.  *Id*.  A sentence may be substantively unreasonable if the district court "'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'"  *Conrad Smith*, 474 F.3d at 894 (quoting *Collington*, 461 F.3d at 808).  We do not require a mechanical recitation of the § 3553(a) factors,

but "an explanation of why the district court chose the sentence that it did." *Id*. And we have declared that the district court is entitled to deference in its sentencing decisions because of its "ring-side perspective on the sentencing hearing and its experience over time in sentencing other individuals." *Poynter*, 495 F.3d at 352 (citing *Rita*, 127 S. Ct. at 2469).

Our analysis is the same regardless of whether the sentence enhancement constitutes a Guidelines departure or a § 3553(a) variance. *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007). "The standards for determining whether an upward departure to another offense level is appropriate are similar to those standards we use to judge the procedural and substantive reasonableness of a variance from any [G]uidelines range." *Conrad Smith*, 474 F.3d at 894. Although the Guidelines are no longer mandatory, the district court must still consider them and impose "a sentence sufficient, but not greater than necessary, to comply with the purposes of" § 3553(a)(2). *Foreman*, 436 F.3d at 640 (citing 18 U.S.C. § 3553). The punishment must fit the crime. *Conrad Smith*, 474 F.3d at 894.

We think that, while there can be no question now that we must review for substantive reasonableness using an abuse-of-discretion standard, the essentials of that review as we have established them heretofore are consistent with the requirements of *Gall*:

> Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. *Id.*, at ----, 127 S.Ct. 2456. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Gall*, 2007 WL 4292116, at \*7.

## A.     Vowell's sentence is both procedurally and substantively reasonable

Vowell argues that his sentence is both procedurally and substantively unreasonable. The district court correctly calculated the applicable Guidelines range, resulting in a sentence of 188-235 months incarceration, or about 15-19 years. The statutory range for count one is a minimum of 25 and a maximum of 50 years in prison, while the statutory range for count two is 10-20 years. In sentencing him to consecutive terms of 45 years for count one and 20 years for count two — a total of 65 years — the district court enhanced Vowell's sentence 242% beyond the top of the Guidelines range and 160% above the 25 year statutory minimum. While Vowell claims that such an enhancement is unreasonable he agrees that, regardless of the Guidelines range, the district court could not have sentenced him to less than 25 years in this case. Because Vowell's Guidelines range fell below the statutory minimum, he argues that only a sentence of the statutory minimum would be reasonable.

Vowell's primary complaint is that his sentence is not substantively reasonable, but we will first determine whether the sentence is procedurally reasonable. As a preliminary matter, we point out that, because the district court relied on § 3553(a) to enhance Vowell's sentence, we are dealing with a variance and not a departure. *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006).

Before sentencing Vowell, the district court specifically considered and enumerated all the factors in § 3553(a). Although "[w]e do not require a rote recitation of § 3553(a)" factors, *Conrad Smith*, 474 F.3d at 894, when the district court does specifically discuss each factor it aids us in providing meaningful review of the sentence, *see Lonnie Davis*, 458 F.3d 510. Here, the district court discussed the § 3553(a) factors, explained their importance, and considered the advisory Guidelines range. In doing so, the district court specifically addressed and contradicted Vowell's argument that only the statutory minimum sentence would be reasonable. We find that the district court did not commit any procedural errors in arriving at this sentence, much less any significant procedural errors. *Gall*, 2007 WL 4292116, at \*7.

Vowell's principal argument is that, because his Guidelines range fell below the statutory minimum, the only reasonable sentence would be the statutory minimum, or 25 years' incarceration. Specifically, Vowell claims that the district court did not consider the relevant factors, but simply chose a sentence it deemed appropriate. Furthermore, Vowell contends that his sentence is unreasonable because Pratt received a sentence of only 20 years. We will address Vowell's arguments in turn.

Before *Gall*, we started with the premise that "'the farther the judge's sentence departs from the guidelines sentence ... the more compelling the justification based on the factors in section 3553(a)' must be." *United States v. William Davis*, 458 F.3d 491, 496 (6th Cir. 2006) (internal citations omitted); *Conrad Smith*, 474 F.3d at 892. Certainly, we are confronted with an extraordinary variance in this case. *See e.g. William Davis*, 458 F.3d at 496 (stating that a 99.89% variance is extraordinary). The district court enhanced Vowell's sentence 160% above the mandatory minimum. Thus, under the old review system, we would have to decide if extraordinary circumstances justified this variance. *See id*. at 496-97. Now, however, when "the district's court sentencing decision is procedurally sound," we review the substantive reasonableness of the sentence under an abuse of discretion standard, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall*, 2007 WL 4292116, at \*7. We note, however, that the Court has found it "uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.* With that in mind, we find no abuse of discretion here.

For a sentence to be substantively reasonable, "it must be proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient but not greater than necessary, to comply with the purposes'" of § 3553(a). *United States v. Ronald Smith*, No. 06-5681, 2007 U.S. App. LEXIS 23807 at \*16 (6th Cir. 2007) (citing *William Davis*, 458 F.3d at 496). In determining Vowell's sentence the district court properly considered all the relevant factors, but focused primarily on the seriousness of the offense, the need to protect the community, Vowell's need for treatment, and the impact on the victim. It emphasized that Vowell's pattern of abuse against K.T. and the heinous nature of his crimes demonstrated the seriousness of the offense. That Vowell was in a position to care for K.T. makes his crimes significantly worse. The district court stated that Vowell "basically [took K.T.'s] life from her" and that "[h]er life is effectively over for all we know." Certainly, the impact on K.T. played a substantial role in the district court's determination.

Additionally, the district court concluded that, as evidenced by these offenses and his prior conviction for statutory rape, Vowell could not conform his conduct to societal norms and is a substantial threat to the community and particularly to children. Vowell, therefore, warranted a significant term of incarceration in order to protect the community, to ensure that he never had the opportunity to be around children again, and that he be afforded the extensive treatment that he clearly needs. Lastly, the district court decided that it needed to assess a significant punishment in order to combat child pornography. Taking all the facts into consideration, the court explained that, for Vowell, the statutory minimum is simply not appropriate.

We cannot ask more of a district court, in terms of weighing the § 3553(a) factors and explaining the reasons for its sentence, than the district court did in this case. Clearly, the district court did not arbitrarily choose a sentence, but chose a sentence it considered sufficient but not greater than necessary to comply with the purposes of § 3553(a). That is, the district court selected a punishment that it believed fit Vowell's crimes, and provided sufficient reasons to justify it. On abuse of discretion review, we will give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 2007 WL 4292116, at *12. We find no abuse of discretion either in the district court's determination that Vowell's conduct required a term of imprisonment significantly greater than the statutory minimum sentence or in its determination of the appropriate sentence under the circumstances. We hold, therefore, that the sentence imposed is substantively reasonable.

Vowell next contends that his sentence is unreasonable because it is significantly higher than Pratt's. This argument is similarly without merit. First, Vowell and Pratt are not similarly situated: Vowell actually assaulted K.T., while Pratt did not, and Vowell engaged in several sexual assaults of K.T. in which Pratt did not acquiesce. Second, Vowell has an extensive criminal history, while this is Pratt's first offense. District courts should strive to "avoid *unwarranted* sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*." 18 U.S.C. § 3553(a)(6) (emphasis added). The objective of the statute is not to "eliminate sentence disparities between defendants of the same case who have different criminal records." *United States v. LaSalle*, 948 F.2d 215, 218 (6th Cir. 1991). Because Vowell and Pratt do not have similar records and did not actually engage in the same conduct, the large disparity in their sentences is not unwarranted. We find no abuse of discretion here.

## B.     Pratt

### 1. Pratt's sentence is procedurally and substantively reasonable

Pratt first argues that the sentence the district court imposed is unreasonable. Pratt agrees that the district court properly calculated her Guidelines range at 121-151 months, and that because violation of 18 U.S.C. §2251(a) requires a mandatory minimum sentence of 180 months, or 15 years' incarceration, with a maximum of 30 years, the district court could not have sentenced her to less than 15 years in prison. She contends, however, that because her Guidelines range falls below the statutory minimum, the only reasonable sentence would be a sentence of 180 months, or the statutory minimum. As we did with regard to Vowell, we conclude that this argument has no merit.

Pratt incorrectly contends that her sentence constituted a Guidelines departure. While the probation officer did indicate that a departure may be warranted according to Section 5K2.0 of the Guidelines, the district court in fact sentenced Pratt above the Guidelines range in accordance with § 3553(a), making the enhancement a variance. *Cousins*, 469 F.3d at 577. Nonetheless, because the same test for reasonableness applies to both departures and variances, *Husein*, 478 F.3d at 332; *Conrad Smith*, 474 F.3d at 894, we must determine whether Pratt's sentence is procedurally and substantively reasonable.

The district court here considered the factors set forth in § 3553(a), the applicable Guidelines range, Pratt's characteristics, and the extensive testimony presented during the sentencing hearing by Pratt's sister, Jones Reed, and a psychiatrist who examined Pratt. Moreover, the district court adequately explained the reasons for the sentence it imposed upon Pratt. Certainly, the district court put sufficient facts on the record to allow this court to engage in an adequate review. *Conrad Smith*, 474 F.3d at 894; *Trejo-Martinez*, 481 F.3d at 412-13. We conclude that Pratt's sentence was procedurally reasonable. Next, we must determine whether the sentence is substantively reasonable.

We reiterate that we review a procedurally reasonable sentence for abuse of discretion in determining its substantive reasonableness. *See Gall*, 2007 WL 4292116, at \*\*7-8. In deciding to sentence Pratt to five years more than the statutory minimum, the district court focused on several troubling facts. First, the district court found it very significant that Pratt had utterly failed to protect her daughter. Pratt disregarded her parental responsibility and actively participated while Vowell abused and assaulted K.T. Though she had many opportunities to do so, Pratt never told Jones Reed, or anyone else, about Vowell's actions. The district court did not believe that the testimony from the psychiatrist and Jones Reed regarding Pratt's limited intelligence and susceptibility to control by men was sufficient to mitigate the horrible acts she and Vowell perpetrated on her eight year-old child. It was K.T. who was, in fact, "truly helpless."

Second, the district court considered the impact of Pratt's actions on K.T. "[T]he odds are stacked against [K.T.] before she even begins any kind of useful life." K.T. blames herself for what happened to her, and her brother blames her for Pratt's absence from his life. The district court was "particularly struck" by the fact that the children were both having severe psychological and behavioral problems.

Third, the district court discussed the serious nature of the crimes against K.T. Pratt was Vowell's accomplice in the sexual assaults upon K.T., and knew of other acts of abuse. Furthermore, the abuse would not have stopped but for the intervention of Vowell's mother and law enforcement. Lastly, the district court highlighted the need to protect Pratt's children and also Pratt herself, as there was testimony indicating that she might be a danger to herself.

It is clear that the district court considered all the evidence and was mindful of its obligation to impose a sentence that "fit the crime." *See Conrad Smith*, 474 F.3d at 894. In accordance with that obligation, the district court imposed the sentence it concluded was warranted: 20 years in prison. Pratt did not object.

As we found in Vowell's case, we cannot ask more of a district court, in terms of weighing the § 3553(a) factors and explaining the reasons for its sentence, than the district court did here. We find that the district court did not abuse its discretion, and we hold that the sentence it imposed on Pratt is substantively reasonable.

### 2.     Pratt received adequate notice of the district court's intention to enhance her sentence

Pratt next claims that the district court erred in increasing her sentence without giving her notice of its intention to do so. We review this claim for plain error because Pratt did not raise this objection at the sentencing hearing. *United States v. Meeker*, 411 F.3d 736, 744 (6th Cir. 2005) (citing Fed R. Crim. P. 52(b)). To succeed on her claim, then, Pratt must prove that: (1) there was an error; (2) the error was plain; (3) the error affected Pratt's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Cousins*, 469 F.3d at 580 (citing *United States v. Olano*, 507 U.S. 725, 732-34, 736 (1993)); *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). "Our authority to remedy a 'plain error' is discretionary." *United States v. Oliver*, 397 F.3d 369, 375-76 (6th Cir. 2005) (citing *Olano*, 507 U.S. at 735). Even if we were to decide that Pratt can establish all four of the above elements, we still have discretion regarding whether to remedy the error. *Johnson*, 520 U.S. at 469-70 (citing *Olano*, 507 U.S. at 736).

Pratt contends that the district court plainly erred by not giving her advanced notice of its intention to enhance her sentence. The rule upon which Pratt relies for this claim provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing

submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h). Because the Presentence Report suggests only one basis for a sentence enhancement in accordance with § 5K2.0 of the Guidelines, Pratt contends that the district court could not have enhanced her sentence based on anything else.

We have held that Rule 32(h) applies equally to both variances and departures. *Cousins*, 469 F.3d at 580. Furthermore, we have held that a sentencing court errs when it does not provide reasonable, adequate notice to a defendant of its intention to depart or vary from the Guidelines range. *See Meeker*, 411 F.3d at 744; *see also Cousins*, 469 F.3d at 581-82 (a district court plainly errs by not giving the defendant adequate notice, in accordance with Fed. R. Crim. P. 32(h), of its intention to apply an upward variance). Therefore, the district court erred if it failed to give Pratt adequate notice that it intended to sentence her above the Guidelines range. We find, however, that the district court did not so err.

Pratt claims that the notice she received from the district court was unreasonable because the court enhanced her sentence on grounds other than those specified in the PSR. That is, Pratt contends that she had notice only that the district court might vary her sentence based on the grounds raised in the PSR, and because the district court enhanced her sentence on other grounds, she did not receive reasonable notice.

Whether a defendant received "'reasonable' notice under Rule 32 is a context-specific question." *Meeker*, 411 F.3d at 744 (citing *United States v. Nappi*, 243 F.3d 758. 762 (3rd Cir. 2001)). If the issues in a case are particularly complex, or if the defendant could not reasonably contemplate the grounds for a sentencing enhancement, then we require that the defendant be afforded earlier notice of the court's intent to depart. *Id*. (citing *United States v. Hayes*, 171 F.3d 389, 391-95 (6th Cir. 1999)). When cumulative evidence exists on the record, however, "the defendant is already on notice and less preparation time is necessary." *Id*.; *see also United States v. Patrick*, 988 F.2d 641, 647 n.7 (6th Cir. 1993) (explaining that a district court might provide reasonable notice simply by giving notice at the sentencing hearing). Similarly, less notice is required where the district court thoroughly explains the factual and legal grounds that justify a departure or a variance and permits counsel to comment prior to imposing a sentence. *United States v. Hernandez*, 251 F.3d 1247, 1252 (9th Cir. 2001) (holding that the district court gave reasonable notice by stating its intention to depart upwards at the beginning of the sentencing hearing, even though "neither the [PSR] nor the government's sentencing memorandum identified factors warranting a departure.").

In the case at bar, the district court allowed Pratt to present the testimony of two witnesses in her favor. It also allowed Pratt's attorney to argue that a sentence at the statutory minimum would be reasonable. Additionally, Pratt was on notice from the PSR that some upward departure or variance might be warranted because of the impact of her crimes on K.T. Pratt specifically tailored the testimony of her witnesses, particularly that of Jones Reed, to combat the grounds on which the district court ultimately enhanced her sentence, eliciting Jones Reed's statement that the children were "doing fine," and that they had experienced "issues" before the abuse of K.T. began. The district court also went through a detailed explanation of the reasons for its decision to sentence Pratt above the Guidelines range. Finally, Pratt knew that the district court could not sentence her within the Guidelines range because of the existence of a mandatory minimum sentence above that range. And when the district court did impose a sentence greater than that which Pratt now believes would be reasonable, she did not object.

We hold that Pratt received reasonable notice of the district court's intention to vary upward because she was aware that such a variance was necessary in accordance with the statutory minimum, she was aware of the reasons for it, she had the opportunity to present evidence to counter it, and the district court thoroughly explained its reasons for enhancing her sentence. We conclude that the district court committed no error, let alone plain error.

## IV. CONCLUSION

For the foregoing reasons , we **AFFIRM** the sentences imposed by the district court.