NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0422n.06

No. 11-3425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 17, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| SAMIR HERNANDEZ-SANCHEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Samir Hernandez-Sanchez appeals his sentence imposed after he pled guilty to being unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326(a).

Hernandez-Sanchez was arrested in February 2010. It was subsequently determined that Hernandez-Sanchez was removed from the United States in August 2005, January 2007, October 2007, and March 2009. Under a 2005 immigration order of removal, Hernandez-Sanchez was barred from re-entry into the United States for twenty years.

Pursuant to a plea agreement, Hernandez-Sanchez's base offense level under the advisory sentencing guidelines was eight. The parties agreed that this level was not binding upon the district court. The government recommended a reduction of two levels for acceptance of responsibility under USSG § 3E1.1(a). Hernandez-Sanchez acknowledged that he faced a statutory maximum punishment of two years of imprisonment, followed by one year of supervised release. The district

court accepted the guilty plea, but deferred acceptance of the plea agreement until after the sentencing hearing.

At sentencing, Hernandez-Sanchez objected to the enhancement of his sentence by four levels for a prior felony conviction in Texas. The enhancement was permitted under USSG § 2L1.2(b)(1)(D), and raised his total offense level to ten, following the two-level reduction for acceptance of responsibility. With this offense level, and a criminal history category of III, Hernandez-Sanchez's advisory guideline range of imprisonment would have been ten to sixteen months. However, the district court followed the suggestion in Application Note 7 to that guideline provision, and applied a downward departure to the base level that would have been reached without the § 2L1.2(b)(1)(D) enhancement. The result was an advisory sentencing guideline range of two to eight months of imprisonment.

In light of Hernandez-Sanchez's history and personal characteristics, the district court found that a sentence of two to eight months of imprisonment was insufficient to protect the citizens of the United States. The court sentenced Hernandez-Sanchez to eighteen months of imprisonment. Hernandez-Sanchez objected to the sentence on the basis that the court had failed to provide adequate reasons for imposing a sentence above the advisory sentencing guidelines range.

On appeal, Hernandez-Sanchez argues that his sentence is procedurally and substantively unreasonable. He contends that the district court failed to provide adequate reasons for its variance and that the court failed to consider certain mitigating factors when it imposed a sentence above the guidelines range.

We review sentences imposed by the district court for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include instances where a sentencing court "fail[s] to calculate (or improperly calculat[es])

the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Id*. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). We review a sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009).

The district court considered several relevant section 3553(a) factors, such as the need for just punishment, the need to protect the public, the fact that Hernandez-Sanchez had committed this same offense multiple times, his behavior during his arrests, and his use of a false identity in his attempt to escape detection. The district court provided an adequate explanation for the sentence. The court was not required to exhaustively explain why an alternative sentence was not chosen. *See United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009). Further, the district court considered the parties' arguments and set forth sufficient reasons for its decision. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 587 (6th Cir. 2009); *see also Rita v. United States*, 551 U.S. 338, 356 (2007).

In assessing substantive reasonableness, we examine whether the length of the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a); *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008). The district court considered a number of section 3553 factors in reaching its decision. Given the district court's

consideration of these factors, Hernandez-Sanchez's sentence was substantively reasonable and was not greater than necessary to comply with the purposes of the statute.

The district court's judgment is affirmed.