**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0877n.06

No. 12-5011

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ANDRE P. VIRGES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COLE and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

PER CURIAM.  Andre P. Virges appeals the district court's judgment revoking his supervised release and sentencing him to a term of imprisonment.

In 1997, a jury found Virges guilty of bank robbery in violation of 18 U.S.C. § 2113(a).  The district court sentenced him to 160 months in prison, to be followed by three years of supervised release.  In 2011, Virges admitted that he violated the terms of his supervised release.  The district court determined that Virges's policy statement range of imprisonment under USSG § 7B1.4(a) was eight to fourteen months.  The court revoked Virges's supervised release and sentenced him to twelve months and one day in prison, to be followed by twelve months of supervised release.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On appeal, Virges argues that his sentence was procedurally unreasonable because the district court relied on erroneous facts in determining that he had multiple opportunities to address his problems, that he had resisted the help he was given, and that he had demonstrated a pattern of recalcitrance. Virges also argues that his sentence was substantively unreasonable because the district court relied too heavily on the nature of the supervised release violations and refused to consider alternatives to imprisonment.

We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of reasonableness to a sentence within the policy statement range. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Virges's sentence was not rendered procedurally unreasonable by the district court's findings concerning his recalcitrance and his repeated resistance to obtaining help for his problems because

the findings were reasonably supported by Virges's admission that, on multiple occasions, he failed to submit to mandatory drug testing, failed to appear for substance abuse and mental health treatment, and failed to report monthly to his probation officer and notify the officer of changes to his residence and employment. Virges's sentence was also substantively reasonable. Before imposing its sentence, the district court discussed in detail several pertinent sentencing factors, including the seriousness of the supervised release violations, Virges's significant criminal history, his substance abuse and mental health issues, and the need to protect the public and provide Virges with treatment. The court's discussion does not suggest that it put undue emphasis on the nature of the supervised release violations. Further, despite Virges's argument to the contrary, the district court explicitly considered and rejected alternatives to imposing a term of incarceration.

Accordingly, we affirm the district court's sentence.