**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0250n.06

No. 12-5826

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
*Mar 11, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HAROLD EUGENE HAYES, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GILMAN, ROGERS, and SUTTON, Circuit Judges.

PER CURIAM.  Harold Eugene Hayes appeals the district court's judgment of conviction and sentence.

Hayes pleaded guilty to escape, in violation of 18 U.S.C. § 751(a).  The district court determined that, based on Hayes's total offense level of seven and his criminal history category of VI, his guidelines range of imprisonment was fifteen to twenty-one months.  The court noted, however, that its usual practice when sentencing defendants who committed walkaway escapes was to impose a term between the high end of the guidelines range and the statutory maximum sentence of sixty months.  After hearing from the parties, the district court varied upward from the guidelines and sentenced Hayes to thirty months in prison.

On appeal, Hayes argues that the district court's practice of imposing an above-guidelines sentence on certain escapees rendered his sentence both procedurally and substantively unreasonable

because the court effectively relied on an improperly calculated guidelines range, failed to give adequate consideration to the relevant sentencing factors, and selected his sentence arbitrarily. Hayes also argues that the district court failed to expressly adjudicate him guilty of any offense.

We review a sentence under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the guidelines as mandatory, or fails to consider the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily or fails to consider pertinent § 3553(a) factors. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

The district court did not abuse its discretion in imposing Hayes's sentence. The court correctly calculated Hayes's guidelines range of imprisonment, discussed with defense counsel whether a within-guidelines sentence was appropriate, and identified several reasons for varying upward from the guidelines, including Hayes's history of criminal activity and substance abuse, his disciplinary infractions while incarcerated, and the need to promote deterrence and protect the public. Given the district court's exchange with defense counsel and its explanation for the upward variance, the record does not support Hayes's contention that the court effectively relied on an improperly calculated guidelines range, failed to properly consider the relevant sentencing factors, or selected his sentence arbitrarily. Additionally, despite Hayes's argument to the contrary, the district court's judgment explicitly adjudicated him guilty of committing escape in violation of 18 U.S.C. § 751(a).

Accordingly, we affirm the district court's judgment.