NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0232n.06
No. 18-3529

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 30, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| JEAN CLAUDE PHIILLIP MCKENZIE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, BUSH, and READLER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  In this appeal, Defendant Jean Claude Phillip McKenzie claims that his sentence, which varied upward from the advisory guidelines range by 31 months, is substantively unreasonable because the district court placed too much emphasis on the nature and circumstances of the offense and too little emphasis on his history and characteristics.  We AFFIRM.

*The Offense Conduct.*  On October 1, 2017, while patrolling the downtown area, Cleveland police officers received a call from an off-duty officer stating that, while he was taking a statement from an aggravated robbery victim, he heard shots fired that he thought were intended for him. The officer indicated that the shooter entered a black vehicle and headed onto Hamilton Avenue. Nearby on-duty officers located one black vehicle on Hamilton.  The officers initiated a traffic stop after the vehicle failed to use a turn signal.  Rather than stopping immediately, the vehicle continued a short distance and pulled into a gas station parking lot.  The vehicle came to an abrupt

stop, and the driver jumped out and fled on foot. The driver, McKenzie, was caught and arrested. A search of the vehicle revealed a firearm on the driver's side floorboard. The firearm, a stolen 9mm pistol, was loaded with four rounds of ammunition.

McKenzie did not have identification on him. He provided a false name and date of birth. He claimed to be a United States citizen. Fingerprinting revealed his true identity. McKenzie was born in Jamaica. He was admitted into the United States on a non-immigrant visa on July 2, 2005. On January 2, 2008, McKenzie's immigration status was adjusted to lawful permanent resident, on a conditional basis. On January 18, 2012, McKenzie was sentenced to one year of custody, suspended, after he was convicted of felony drug trafficking between 5 and 20 grams of marijuana. On May 11, 2010, his conditional status was removed. On July 12, 2012, McKenzie was deported to Jamaica. McKenzie unlawfully reentered the United States sometime before October 1, 2017.

*Procedural History.* McKenzie was charged with one count of illegal reentry, in violation of 8 U.S.C. § 1326, and one count of possession of a firearm by an alien, in violation of 18 U.S.C. § 922(g)(5). McKenzie pled guilty to the charges. McKenzie's combined adjusted offense level for the two counts was 22. The presentence report set McKenzie's total offense level at 19, after three points for acceptance of responsibility. McKenzie's criminal history category was II. This gave him an advisory Sentencing Guidelines range of 33 to 41 months' imprisonment.

*The Sentencing Hearing.* Neither party had objections to the presentence report. The district court did, expressing concern that McKenzie only accepted responsibility for illegal reentry, and that his statement to the probation officer did not mention his illegal possession of a firearm and ammunition.[1] McKenzie's attorney, and then McKenzie, explained that a friend of McKenzie had left the gun in the vehicle after McKenzie dropped him off at the bus station, and

---

[1] The district court referenced a written statement, but the presentence report characterized it as verbal.

that McKenzie knew it was there, albeit on the passenger side of the car. The court reiterated that, according to the police reports, the gun was found on the driver's side.

The district court turned to the government's attorney, who stated that McKenzie had provided a factual basis consistent with the statutory elements of the crime (because he admitted to constructive possession), and recommended that McKenzie be given credit for acceptance of responsibility. Though with misgivings, the district court nevertheless credited McKenzie's acceptance of responsibility.

Consistent with the presentence report, the district court found McKenzie's total offense level to be 19 and criminal history category of II, resulting in an advisory sentencing guidelines range of 33 to 41 months. Neither party objected to the calculation. The district court then informed the parties that the court was contemplating an upward variance based on the nature and circumstances of the offense, stressing the seriousness of the offense. The court cited three factors: (1) McKenzie fled from police, (2) he had a loaded firearm at his side of the vehicle, and (3) he lacked credibility. The court further noted that McKenzie was in the country illegally, and also added that he did not fully cooperate with police when he was arrested.

Defense counsel requested a within Guidelines sentence, asserting that McKenzie returned to the United States to support his family (a wife, a child, and a mother), that he did not have a violent criminal history, and that under the current political climate, it would be "relatively impossible" for McKenzie to return to the United States legally. In his allocution, Defendant stressed his family and service to others and apologized for his actions. The government requested a Guidelines sentence.

*The 18 U.S.C. § 3553(a) Factors.* Regarding the nature and circumstances of the offense, the district court "restated" the offense conduct factors to reinforce its variance. These details

included the off-duty officer's report of shots fired, the pursuit, the loaded firearm on the driver's side of the vehicle, the false self-identification, and the firearm's stolen status. The court further noted that, after entering the United States lawfully, McKenzie was convicted of drug trafficking and removed to Jamaica, but then illegally returned to violate the law again. The district court also reviewed McKenzie's personal history and characteristics. The court noted McKenzie's prior record, including the convictions for disorderly conduct and drug trafficking. The court discussed McKenzie's family and employment history.

*The Variance*. The court felt that 41 months was not sufficient to protect the public, reflect the seriousness of the offense, and improve McKenzie's conduct. The court reiterated that it was imposing an upward variance because McKenzie had been previously deported to Jamaica after being convicted of a felony, had returned to the United States, and again flouted the law by fleeing from police, possessing a loaded firearm, and providing false information to law enforcement upon arrest. The court also felt that McKenzie fabricated the story about the friend and the firearm. Thus, the court determined that it was "necessary that he be removed and sentenced to a lengthy period of time, also to send a message to" McKenzie to obey the law should he consider returning to the United States again. Finally, the court noted that the average sentence for offenses involving immigration with a criminal history category II is 10 months, and for firearms it is 59 months, both present in this case. The district court sentenced McKenzie to 72 months custody on each count, to be served concurrently, followed by three years of supervised release on each of counts 1 and 2.

*Analysis*. As noted, McKenzie claims that his sentence is substantively unreasonable because the district court overemphasized the nature and circumstances of the offenses and underplayed his history and characteristics. A sentence is substantively unreasonable if the

sentencing court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012).

We review a sentence for substantive reasonableness under the abuse-of-discretion standard. *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012). The review "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is outside the Guidelines range, it may not be presumed unreasonable. *Id.* The reviewing court may "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* And we may not reverse simply because we might have concluded that a different sentence was appropriate. *Id.*

The district court spoke with perspicuity, basing its upward variance on the following factors: (1) the nature and circumstances of the offense, including the fact that McKenzie possessed a stolen firearm loaded with ammunition after illegally reentering the United States, as well as the fact that McKenzie fled the officers and then faked his identity when caught; (2) McKenzie's unlawful reentry to the United States after being removed to Jamaica; (3) McKenzie's criminal history; (4) McKenzie's family and employment history; (5) the need to reflect the seriousness of the offense; (6) the need to deter McKenzie; and (7) the need to protect the public. The district court examined all of the pertinent § 3553(a) factors, including disparities. McKenzie may not like that the court placed greater weight on the nature and circumstances of the offense than his history, but he has not demonstrated that this emphasis was unreasonable, especially in light of the district court's clear iteration of numerous factors in support of its decision. *See Zobel*, 696 F.3d at 571 (stating that a district court may place great weight on one fact if warranted; and if the court,

explicitly or implicitly considers and weighs all the pertinent factors, the defendant has a greater burden in proving the district court gave unreasonable weight to one factor).

*Epilogue.* Although not insubstantial, we cannot say that the variance here was an abuse of its discretion, because the district court "selected a punishment that it believed fit [McKenzie's] crimes and provided sufficient reasons to justify it." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). McKenzie's sentence is **AFFIRMED.**