**NOT RECOMMENDED FOR PUBLICATION**

File Name: 21a0031n.06

**Case No. 20-5086**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jan 14, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| MARTREL ARNOLD, | ) | DISTRICT OF TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) | O P I N I O N |
|  | ) |  |

BEFORE:     COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

COLE, Chief Judge.    Martrel Arnold pleaded guilty to cocaine offenses under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).  The district court cited Arnold's history of similar drug offenses in imposing a sentence of 72 months of imprisonment, an upward variance from the 46 to 57 months guidelines range.  Arnold now appeals his sentence, arguing that it is both procedurally and substantively unreasonable.  Because the district court properly considered the 18 U.S.C. § 3553(a) factors at sentencing and its justification for imposing the variance was adequate, we affirm.

I.

Martrel Arnold was implicated in an investigation of cocaine and heroin distribution in Tennessee conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")

beginning in 2016. After a series of controlled purchases, searches pursuant to warrants, and interviews with cooperating defendants, ATF identified Arnold as a source of powder cocaine for the operation. Arnold was subsequently indicted by a grand jury for conspiracy to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). He pleaded guilty to the lesser-included count of conspiracy to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).

The U.S. Probation and Pretrial Services Office then prepared a Presentence Investigation Report ("PSR"), which calculated Arnold's sentencing guidelines range at 46 to 57 months. Arnold's prior criminal convictions for possession of cocaine and possession with intent to distribute cocaine, as well as the fact that he committed this offense while on supervised release, placed him in criminal history category III. The PSR did not identify any factors that may warrant a variance outside of the guidelines range. But before sentencing, the government moved for an upward variance, claiming that under § 3553(a), the need to protect the public from Arnold and concerns about his risk of recidivism justified sentencing him as if he were a Career Offender, in the 188 to 235 months range. In response, Arnold argued that such a dramatic variance would present an unjust sentencing disparity.

The district court declined to sentence Arnold as if he were a Career Offender. Instead, it imposed an upward variance of 15 months, sentencing Arnold to 72 months of imprisonment. Arnold objected to the sentence on procedural and substantive reasonableness grounds. He then filed a timely notice of appeal.

II.

Arnold properly preserved objections to his sentence based on both procedural and substantive reasonableness. As a result, we review both the procedural and substantive reasonableness of the sentence imposed for abuse of discretion. *See United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011).

A.

Arnold first argues that his sentence is procedurally unreasonable because the district court failed to explain adequately which § 3553(a) factors justified the upward variance. A sentence is procedurally reasonable if the district court "consider[s] the § 3553(a) factors, [does not] select[] a sentence based on clearly erroneous facts, [and] adequately explain[s] the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

At Arnold's sentencing hearing, the government expressed disagreement with our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam) and asked the district court for a sentence in a range that could have applied before *Havis* was issued. The government also noted that Arnold is facing pending charges in state court for serious crimes, including racketeering and murder. But in considering a sentence for Arnold, the district court noted that it was bound by our decision in *Havis* and that Arnold's state court charges were irrelevant as he is presumed innocent. The court then imposed a sentence of 72 months of imprisonment, well under the sentence sought by the government.

In doing so, it explained that it was weighing the need to deter Arnold from future criminal behavior and the need to protect the public under §§ 3553(a)(2)(B) and (C) most heavily, but that it considered all of the relevant § 3553(a) factors. The district court noted that Arnold is still

"rely[ing] on drug dealing to make a living" after serving a total of 88 months in prison, and accordingly found the variance necessary to "dissuade Mr. Arnold from further criminal conduct." (Sentencing Tr., R. 164, PageID 768, 770, 773.)

The district court thus "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Whether this explanation adequately justified the variance is a question for the substantive reasonableness inquiry. Accordingly, the sentence imposed by the district court is procedurally reasonable.

B.

Arnold additionally argues that his sentence is substantively unreasonable because the upward variance of 15 months from the top of the guidelines range can be justified only based on his criminal history, which was already accounted for in calculating his 46 to 57 months range. For a sentence to be substantively reasonable, it must be "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). Our review for substantive reasonableness is "highly deferential" and "a matter of reasoned discretion, not math." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

"Our case law permits a sentencing court to consider a defendant's criminal history in its analysis of the 18 U.S.C. § 3553(a) factors, even when the defendant's guidelines range already reflects it." *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). But varying upward based on criminal history alone can create "unwarranted sentence disparities among defendants with similar records." 18 U.S.C. § 3553(a)(6). Thus, "to subject a defendant to additional time behind

bars on speculative future criminal activity, there must be some need for deterrence and likelihood of reoffending over and above that already captured by the guidelines range." *Lee*, 974 F.3d at 680. This analysis works on a sliding scale, as "the greater the district court's variance, the more compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009) (citing *Gall*, 552 U.S. at 597).

"[S]imilarity between the defendant's prior convictions and the instant offense" can "demonstrate[] a need for deterrence beyond that already captured by the guidelines." *Lee*, 974 F.3d at 678. For example, in *United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018), we held that the district court did not abuse its discretion in applying an upward variance where the defendant "'ha[d] proven over many, many, many years' that he would continue to distribute opioids absent 'a very long period of incarceration.'" And in *United States v. Johnson*, 934 F.3d 498, 500 (6th Cir. 2019), we affirmed an upward variance where the defendant had multiple similar offenses and "showed no signs of changing his ways." *See also Lanning*, 633 F.3d at 472 (finding that a defendant's history of theft justified an upward variance for a theft sentence because the defendant "essentially made his living as a thief").

The district court here "adequately explained why the nature and circumstances of [Arnold's] case fell outside the 'heartland'" of cocaine trafficking cases. *United States v. Sims*, 800 F. App'x 383, 387 (6th Cir. 2020). Arnold's criminal history placed him at the top of criminal history category III with a score of six and included four prior convictions for cocaine offenses, two of which were distribution-related offenses. The district court accordingly noted that it felt an obligation to "protect the public from Mr. Arnold dealing more drugs" and that he "seems to keep doing the same thing that lands him in this court." (Sentencing Tr., R. 164, PageID 759, 763.)

And the resulting sentence reflected a modest upward variance of fifteen months, or 25% from the top of the guidelines range.

"While we recognize the district court heavily weighed [Arnold's] criminal history in its sentencing determination," it also "distinguished [him] from other defendants." *United States v. McBee*, 812 F. App'x 318, 323 (6th Cir. 2020); *see also Lanning*, 633 F.3d at 475–76. Accordingly, the sentence imposed is substantively reasonable.

III.

We affirm the sentencing decision of the district court as it is both procedurally and substantively reasonable.