NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0244n.06

Case No. 23-3064

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| STEFAN CHADWICK CRAWMER, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; McKEAGUE and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Stefan Crawmer committed three armed bank robberies in the summer of 2021. He pleaded guilty to one count of armed robbery and admitted to the facts underlying all three robberies. Given his extensive criminal history and high likelihood to recidivate, the district court varied upwards from the sentencing range recommended by the U.S. Sentencing Guidelines to impose a sentence of 180 months (that is, 15 years). On appeal, Crawmer contends that his sentence is substantively unreasonable. We affirm.

## I.

Crawmer has a long history of robbery, dating back to 1987. Before the convictions in this case, he had eighteen felonies on his record, including seven for various degrees of robbery and several involving firearms. In 2010, he was convicted of armed bank robbery and unlawful

possession of ammunition by a felon. He was released early from a term of supervised release related to those convictions in November 2020.

Only eight months later, in July 2021, Crawmer committed the first of the three armed bank robberies that he would carry out that summer. An FBI investigation linked him to the robberies and agents executed a search warrant of his home in October 2021. That search turned up three firearms.

Crawmer was indicted on three counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1–3); three counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 4–6); and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 7). Because his criminal history included a prior 18 U.S.C. § 924 conviction, the § 924(c) counts carried a 25-year mandatory minimum sentence. *See* 18 U.S.C. § 924(c)(1)(C). Crawmer pleaded guilty to Count 3 pursuant to a written plea agreement. The parties agreed to a sentencing disposition not to exceed 15 years' imprisonment. Crawmer also stipulated to facts detailing his involvement in the other two robberies.

In the Presentencing Report, the probation office recommended a Guidelines range of 110 to 137 months. This was based on a total offense level of 28 and criminal history category of IV. The report ultimately recommended a 120-month sentence, followed by five years of supervised release. The government requested that the district court vary upwards to impose the 180-month sentence the parties agreed to. It argued the variance was necessary to protect the public and was warranted considering Crawmer's extensive criminal record, demonstrated unwillingness to reform, and failure to be deterred by his previous sentences. Crawmer, in turn, asked for a lower sentence. Though he conceded that he was not deterred by his previous sentences, he argued a 15-

year sentence would not take his history and characteristics, such as childhood trauma and medical conditions, into consideration.

The district court imposed a 180-month sentence. After hearing from Crawmer, the district court recounted his serious criminal history, noting that twelve of his felonies were not accounted for in his Guidelines calculation because they occurred more than fifteen years before the instant offense. *See* U.S.S.G. § 4A1.2. It also considered the factors under 18 U.S.C. § 3553(a), including Crawmer's childhood trauma, mental health diagnoses, and ties to the community. Nonetheless, the district court determined that Crawmer was a danger to the public. When considering whether a 180-month sentence would create unwarranted sentencing disparities, the court noted that it had not seen a criminal history like Crawmer's in its 50-plus years of experience.

The court concluded that the PSR's recommended criminal history category of IV substantially underrepresented the seriousness of that history and the likelihood of recidivism. It accordingly calculated a Guidelines range of 151 to 188 months, which is equivalent to a criminal history category of VI and total offense level of 29, and imposed the 15-year sentence. Its written statement of reasons for the length of the sentence reflected the rationale expressed at the sentencing hearing.

## II.

Crawmer challenges the substantive reasonableness of his sentence. Abuse of discretion review applies. *See United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). A substantively reasonable sentence is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). An appeal based on substantive reasonableness

therefore complains that the district court incorrectly weighed those factors. Our review on these grounds is "highly deferential" and "a matter of reasoned discretion, not math." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court did not abuse its discretion by imposing a higher sentence here. Admittedly, the 180-month sentence is a significant upward variance, being 43 months longer than the top end of the recommended Guidelines range. But the district court explained how Crawmer's criminal history score did not adequately reflect his extensive criminal history, which justifies its deviation from the Guidelines range. "[D]istrict courts should not—in truth, may not—lash themselves to the guidelines range; they must independently apply the § 3553(a) factors to each defendant to determine an appropriate sentence." *Id.* The district court here followed this dictate.

And, contrary to Crawmer's claim, the court did not vary upward solely on account of Crawmer's criminal history. The court also emphasized the severity of Crawmer's instant offense, the need to protect the public, and the need to provide just punishment for Crawmer's conduct. Finally, to the extent Crawmer argues that the court failed to properly consider mitigating factors under § 3553(a), such as his difficult upbringing and mental health disorders, his claim fails. The court noted Crawmer's history and characteristics but found that those factors were outweighed by the nature of Crawmer's offense and his criminal record. We therefore cannot say that its careful balancing of the relevant factors was an abuse of discretion.

## III.

For the reasons stated above, we **AFFIRM** the judgment of the district court.