**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1072n.06

No. 11-3827

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT | | **FILED**<br>*Oct 12, 2012*<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE NORTHERN
LUIS DE AVILA DE SANTIAGO, aka Luis ) DISTRICT OF OHIO
De Avila, )
) OPINION
    Defendant-Appellant. )
)

BEFORE:  MERRITT, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM.  Luis De Avila De Santiago, a.k.a. Luis De Avila, appeals the district court's judgment imposing a sentence of thirty-three months of imprisonment.

De Santiago pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326.  The district court determined that De Santiago's base offense level was eight.  The court added eight levels because De Santiago had been deported previously after conviction of an aggravated felony.  The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of thirteen.  Based on the total offense level of thirteen and a criminal history category of V, the district court determined that De Santiago's guidelines range of imprisonment was thirty to thirty-seven months.  The court sentenced him to thirty-three months in prison.

On appeal, De Santiago argues that his sentence was unreasonable in two respects: (1) the district court failed to consider that his crime was motivated by the desire to be with his immediate family members, who are United States citizens; and (2) the court failed to consider the availability of other types of sentences and possible sentencing disparities.

We review the sentence under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). When reviewing for procedural unreasonableness, we examine whether the district court failed to calculate or improperly calculated the guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain the sentence adequately. *United States v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of substantive reasonableness to a within-Guidelines sentence. *See Warman*, 578 F.3d at 351.

The district court did not abuse its discretion in imposing De Santiago's sentence. The record does not support De Santiago's assertion that the district court failed to give proper weight to his personal circumstances. Before imposing the sentence, the district court recognized De Santiago's difficult family situation, but considered it in light of his three previous deportations, at least two of which occurred after the commission of a serious felony. The court also discussed the § 3553(a) factors, including the need for general and specific deterrence and the need to punish De Santiago

for his actions. Further, given the straightforward nature of the case and the imposition of a within-Guidelines sentence, the district court was not required to explicitly address the availability of other types of sentences or possible sentencing disparities where the record shows the court listened to each argument, was aware of the defendant's circumstances, and took them into account. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *United States v. Duane*, 533 F.3d 441, 451-52 (6th Cir. 2008).

Accordingly, we affirm the district court's sentence.