**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0029n.06

Nos. 11-6541/6542

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **FILED** |
| | ) | **Jan 07, 2013** |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| LASHAWN BOOKER, (No. 11-6541); | ) | ON APPEAL FROM THE |
| DESHAWN HARBISON, aka Deshawn | ) | UNITED STATES DISTRICT |
| Booker, (No. 11-6542), | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendants-Appellants. | ) | |

BEFORE:  MARTIN and ROGERS, Circuit Judges; TARNOW, District Judge.[*]

PER CURIAM.  In this consolidated criminal appeal, Lashawn Booker and Deshawn Harbison, a.k.a. Deshawn Booker, appeal the district court's respective sentences of forty-eight and 112 months of imprisonment.

Booker and Harbison each pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court determined that Booker's total offense level was twenty-three and that her criminal history category was I, resulting in an advisory sentencing guidelines range of forty-six to fifty-seven months of imprisonment.  The court sentenced Booker to forty-eight months of imprisonment.  The court determined that Harbison's total offense

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

level was twenty-five and that his criminal history category was V, resulting in an advisory sentencing guidelines range of 100 to 125 months of imprisonment. The district court sentenced Harbison to 112 months of imprisonment.

On appeal, Booker argues that her sentence was rendered unreasonable by the district court's denial of her request for either a downward departure under USSG § 5H1.6, or a downward variance on the basis that her incarceration would impose hardship on her children. Harbison argues that his sentence is substantively unreasonable because the district court placed undue emphasis on his criminal history, which consisted largely of driving violations.

"A district court's sentencing determination is reviewed under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (internal quotation marks omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). We will not review a district court's refusal to grant a downward departure unless the record reflects that the court was not aware of or did not understand its discretion to make such a departure. *United States v. Mitchell*, 681 F.3d 867, 880 (6th Cir. 2012).

During the sentencing hearing, the district court acknowledged Booker's request for a downward departure under § 5H1.6 on the basis that it would cause hardship to her family. The court explicitly recognized its discretion to grant such a request. Consequently, the district court's decision to deny a downward departure is not reviewable. In addition, Booker's sentence is substantively reasonable because it is based on relevant sentencing factors, including her likelihood to recidivate, the serious nature of her crime, and the need for general and specific deterrence. There is nothing in the record to suggest that the district court selected Booker's sentence arbitrarily, failed to consider a pertinent sentencing factor, or gave an unreasonable amount of weight to any factor.

Harbison's sentence is also substantively reasonable. Before imposing the sentence, the district court discussed the serious nature of Harbison's crime, the need for general and specific deterrence, and the fact that Harbison's criminal history was significant. Harbison's previous convictions included charges involving weapons and physical violence. His driving convictions were far more serious than just routine driving offenses. The district court did not place undue weight on Harbison's criminal history. Harbison's argument to the contrary is insufficient to overcome the presumption that his within-guidelines sentence was substantively reasonable.

We affirm the district court's judgments.