NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0016n.06

No. 11-4195

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LARRY O. MOORE, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Larry O. Moore, who is represented by counsel, appeals the sentence imposed by the district court following his guilty pleas to possession with the intent to distribute cocaine and cocaine base.

Pursuant to a plea agreement, Moore pleaded guilty to one count of possession with the intent to distribute approximately ninety-eight grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and one count of possession with the intent to distribute approximately thirty-three grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  A presentence report calculated Moore's total offense level as twenty-five and his criminal history category as IV, resulting in an advisory sentencing guidelines range of eighty-four to 105 months of imprisonment. Because the cocaine-base conviction required a mandatory minimum term of imprisonment of 120 months, the statutorily required minimum sentence became the guidelines range.  *See* USSG § 5G1.1(b).

Prior to sentencing, the district court granted a motion by the government for a two-level reduction in Moore's offense level due to his substantial assistance. This reduction resulted in a revised sentencing guidelines range of seventy to eighty-seven months of imprisonment, and allowed the district court to impose a sentence below the mandatory minimum. *See* USSG § 5K1.1. After consideration of the factors of 18 U.S.C. § 3553(a), the district court determined that Moore's criminal history category of IV was insufficient and stated that it was departing upward to category V, resulting in an advisory sentencing guidelines range of eighty-four to 105 months of imprisonment. The district court ultimately sentenced Moore to one hundred months of imprisonment.

On appeal, Moore argues that the district court abused its discretion by departing upward, rendering his sentence substantively unreasonable. Moore asserts that the district court unreasonably relied on the fact that firearms were found in his home, when the presence of the firearms had already been taken into consideration in calculating the advisory sentencing guidelines range.

We review criminal sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence will be found to be substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (internal quotation marks and citation omitted). Reasonableness review also applies to sentences that result from departures, which the district court imposed here. *United States v. Vowell*, 516 F.3d 503, 513 (6th Cir. 2008).

The district court did not abuse its discretion by departing upward and imposing a one hundred-month sentence. In particular, the district court did not place an unreasonable amount of weight on the fact that guns were found in Moore's possession at the time of his arrest. A district court does not necessarily commit reversible error by attaching great weight to any single factor.

*Gall*, 552 U.S. at 56–57. Although the district court discussed the weapons in Moore's possession, the court also emphasized other compelling reasons for departing upward to a higher criminal history category.

The district court explained that Moore had a lengthy prior record. The court considered the types of sentences available and noted that, without the government's substantial-assistance motion, Moore would have been subject to a mandatory minimum term of 120 months of imprisonment. The court considered the need for the sentence imposed to provide just punishment and deterrence to Moore and the need to protect the public from him. The district court recognized that Moore had twelve prior drug convictions, had numerous opportunities for community control, but continued to violate the law with little or no sanction ever imposed. The court determined that given Moore's prior criminal history, a sentence at the top of the seventy to eighty-seven month advisory guidelines range was insufficient, as was a criminal history category of IV. The court departed upward one criminal history category to a range of eighty-four to 105 months and imposed one hundred months of imprisonment.

The record does not demonstrate that the district court gave unreasonable weight to the weapons found in Moore's possession. *See United States v. Lanning*, 633 F.3d 469, 477–78 (6th Cir. 2011). The district court explicitly referenced several of the sentencing factors and did not rely on a clearly erroneous finding of fact or clearly misapply the law. The district court's imposition of a one hundred-month above-guidelines sentence was not an abuse of discretion that warrants reversal. *See Gall*, 552 U.S. at 56–57.

The judgment of the district court is affirmed.