**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0083n.06

No. 12-3293

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>***Jan 23, 2013***<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MICHAEL A. WELCH, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SILER, GRIFFIN, and STRANCH, Circuit Judges.

PER CURIAM.  Michael A. Welch appeals the district court's judgment of conviction and sentence.  We affirm.

A jury found Welch guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court determined that Welch's total offense level was 26 and that his criminal history category was V, resulting in a Guidelines range of imprisonment of 110 to 137 months.  Welch was subject to a statutory maximum sentence of 120 months, however, which became the top of the Guidelines range.  The district court sentenced Welch to 110 months in prison.

On appeal, Welch argues that there was insufficient evidence to demonstrate that he possessed the firearm and that his sentence was unreasonable.  When reviewing sufficiency-of-the-evidence claims, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because Welch stipulated that he had a previous felony conviction and that the firearm traveled in or affected interstate commerce, the only issue is whether there was sufficient evidence to establish that Welch actually or constructively possessed the firearm. *See United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). "[C]onstructive possession exists when the defendant does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (citation and internal quotation marks omitted).

During trial, the prosecution introduced into evidence a videotape of the traffic stop that led to Welch's arrest. The tape showed two men exiting the vehicle from the passenger side and fleeing the scene. As Welch exited the vehicle from the passenger side, an object fell to the ground between his feet. Welch bent down to retrieve the object, made a quick motion back toward the vehicle, then raised his hands and fell to the ground. The officers found a silver firearm with a dark-colored handle on the floor of the vehicle on the front passenger side. The officers testified that the only other objects found in the vehicle were a white paper bag on the rear floor, a black cell phone on the tray beside the cup holders in the front of the vehicle, and two compact discs that were inside the closed center console in the front of the vehicle. Welch's cell phone was found in his pocket, and the video did not show him placing into his pocket the item that he picked up from the ground. According to one of the officers, after Welch was taken into custody, but before he was asked any questions, he yelled, "you are not putting that gun on me."

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the firearm was the object that fell to the ground when Welch exited the

vehicle and that he tossed the firearm into the vehicle before falling to the ground. Such a finding is sufficient to establish the element of constructive possession necessary for a conviction under § 922(g)(1).

Welch also argues that his sentence was procedurally and substantively unreasonable because the district court failed to reference 18 U.S.C. § 3553(a) and failed to adequately explain its decision to reject his request for a downward variance. "A district court's sentencing determination is reviewed under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (internal quotation marks and citation omitted). A sentence is procedurally unreasonable where a district court fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks, citation, and alterations omitted). We apply a rebuttable presumption of substantive reasonableness to a within-Guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

The district court's sentence was both procedurally and substantively reasonable. The court was not required to explicitly recite the statutory sentencing factors. *See United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008). Before imposing the sentence, the court both acknowledged Welch's request for a downward variance on the basis of his substance-abuse issues and lack of a male role model and discussed several relevant sentencing factors under § 3553(a). Further, given the

straightforward nature of the case and the district court's imposition of a within-Guidelines sentence, the court adequately explained its reasons for imposing the chosen sentence. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *United States v. Duane*, 533 F.3d 441, 451-52 (6th Cir. 2008).

Finally, the district court's sentence was substantively reasonable because it was based on relevant sentencing factors, including the serious nature of Welch's crime and his criminal history. There is nothing in the record to suggest that the court selected the sentence arbitrarily, failed to consider pertinent sentencing factors, or gave an unreasonable amount of weight to any pertinent factor.

Accordingly, we affirm the district court's judgment.