NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0221n.06

No. 12-1695

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 04, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RENE CASTRO-AUDELO, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MERRITT, MARTIN, and CLAY, Circuit Judges.

PER CURIAM.  Rene Castro-Audelo appeals the district court's judgment of conviction and sentence.

Castro-Audelo pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a).  The district court determined that Castro-Audelo's base offense level was eight.  The court added eight levels under USSG § 2L1.2(b)(1)(C) because Castro-Audelo was previously deported after being convicted of an aggravated felony and subtracted three levels for acceptance of responsibility, resulting in a total offense level of thirteen.  Based on the total offense level of thirteen and a criminal history category of VI, Castro-Audelo's advisory sentencing guidelines range was thirty-three to forty-one months of imprisonment.  The district court varied upward from the sentencing guidelines and sentenced Castro-Audelo to 108 months of imprisonment.

On appeal, Castro-Audelo argues that his sentence is procedurally and substantively unreasonable because the district court gave an unreasonable amount of weight to his criminal history, failed to appreciate the significance of his mental health issues and drug use, improperly speculated that he would reenter the United States after being deported, and failed to sufficiently explain the basis for the extent of its upward departure.

We generally review a sentence "under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (internal quotation marks and citation omitted). A sentence may be procedurally unreasonable if the district court selected the sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *United States v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009). Because Castro-Audelo failed to raise his procedural objections when given the opportunity to do so by the district court at the conclusion of the sentencing hearing, we review those claims for plain error. *See United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012). A sentence may be substantively unreasonable if the district court based the sentence on impermissible factors, failed to consider a pertinent sentencing factor, or gave an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

The district court did not plainly err or abuse its discretion in imposing Castro-Audelo's sentence. During its discussion of the pertinent sentencing factors, the court considered Castro-Audelo's mental health issues and drug use. The court weighed those factors with other relevant considerations, including the serious nature of Castro-Audelo's crime, his lengthy criminal history, and the need to provide punishment, promote deterrence, and protect the public. The record does

not demonstrate that the district court placed undue weight on Castro-Audelo's criminal history, or failed to appreciate the significance of his mental health issues or drug use. Further, the district court did not improperly speculate that Castro-Audelo was likely to reenter the United States after being deported, but rationally considered the fact that he had been removed from this country on nine prior occasions. Finally, the court set forth an adequate justification for imposing the above-guidelines sentence by explaining that its decision to depart upward was based on the nine prior removals, Castro-Audelo's extensive criminal history, and the fact that Castro-Audelo had not been deterred by his prior punishment.

The district court's judgment is affirmed.