NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0286n.06

No. 12-3749

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 22, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DIANA FREY, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN, GUY, and McKEAGUE, Circuit Judges.

PER CURIAM. Diana Frey appeals the district court's amended judgment of conviction and sentence.

Frey pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. The district court determined that, based on Frey's total offense level of twenty and her criminal history category of I, her advisory sentencing guidelines range was thirty-three to forty-one months of imprisonment. The court varied upward from the sentencing guidelines range and sentenced Frey to fifty-one months of imprisonment. During the sentencing hearing, the district court also decided to enter a preliminary order of forfeiture concerning certain property, including, as relevant to this appeal, two pieces of real property in Cincinnati, Ohio. The court failed to include the forfeiture provision in its initial judgment, but it entered an amended judgment that included the provision.

On appeal, Frey argues that her above guidelines sentence was substantively unreasonable because the district court failed to properly balance the relevant sentencing factors. She also argues that the court erred by entering the preliminary order of forfeiture because the two pieces of real property were not owned by Frey, but by a limited liability company that was owned jointly by Frey and her husband.

We review Frey's prison sentence "under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (citation and internal quotation marks omitted). To be substantively reasonable, a sentence must be proportionate to the seriousness of the circumstances of the offense and offender. The sentence must also be "sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotation marks omitted). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any factor. *Id.* at 510. We review a district court's interpretation of federal forfeiture laws de novo. *United States v. Jones*, 502 F.3d 388, 391 (6th Cir. 2007).

The district court did not abuse its discretion in imposing Frey's prison sentence. Before imposing the sentence, the court engaged in a thorough analysis of the relevant sentencing factors, including the serious nature of Frey's crime, her pattern of theft offenses, the significant number of individuals affected by the crime, and the need for deterrence. The court gave an adequate justification for the extent of its upward variance, and there is nothing in the record to suggest that

the court selected the sentence arbitrarily, failed to consider a pertinent sentencing factor, or gave an unreasonable amount of weight to any factor.

In addition, the district court did not err by entering the preliminary order of forfeiture against Frey. The evidence before the district court was sufficient to establish that the proceeds of Frey's crime were no longer available to be forfeited for the reasons set forth in 21 U.S.C. § 853(p)(1) and that the real properties at issue could be substitute property under section 853(p)(2). Further, the district court properly declined to consider any potential third-party claims to the properties prior to conducting an ancillary hearing under section 853(n). *See* Fed. R. Crim. P. 32.2(b)(2)(A); *United States v. Erpenbeck*, 682 F.3d 472, 475 (6th Cir. 2012).

Accordingly, we affirm the district court's amended judgment.