**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0412n.06

No. 12-5693

**FILED**
*Apr 25, 2013*
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JAMES BRANDON STEWART, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COLE and McKEAGUE, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM.  James Brandon Stewart appeals his sentence.

Stewart pled guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The district court sentenced him to concurrent prison terms of 120 months and 151 months, respectively.  We vacated the sentence and remanded for resentencing because the 151-month sentence for the firearm conviction was greater than the statutory maximum sentence of 120 months.  On remand, after recognizing that it had intended to impose the 151-month sentence for the methamphetamine conviction and the 120-month sentence for the firearm conviction, the district court determined that, because Stewart was a career offender, his total offense level was 29 and his criminal history

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

category was VI, resulting in a guidelines range of 151 to 188 months of imprisonment. The court

sentenced Stewart to concurrent prison terms of 151 months for the methamphetamine conviction

and 120 months for the firearm conviction.

On appeal, Stewart argues that his sentence is substantively unreasonable because it is greater

than necessary to comply with the purposes of sentencing. He asserts that the district court should

have varied downward from the guidelines range and not sentenced him as a career offender.

We review the substantive reasonableness of Stewart's sentence for abuse of discretion. *See*

*Gall v. United States*, 552 U.S. 38, 51 (2007). "For a sentence to be substantively reasonable, it must

be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient

but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States*

*v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). "A sentence may

be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence

on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable

amount of weight to any pertinent factor." *Id.* at 510 (internal quotation marks and alterations

omitted). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines

sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Stewart fails to rebut the presumption that his within-guidelines sentence is substantively

reasonable. Before imposing the sentence, the district court discussed the relevant sentencing

factors, including the seriousness of the offense, Stewart's considerable criminal history, and the

need to promote respect for the law, provide deterrence, and protect the public. There is nothing in

the record to suggest that the district court selected the sentence arbitrarily, considered an

impermissible factor, or gave unreasonable weight to any factor.  Further, Stewart has set forth no

basis to conclude that the district court acted unreasonably by refusing to vary downward from the

career offender guidelines.

Accordingly, we affirm.