**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0622n.06

No. 12-5941

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 02, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| BOOKER SANDERS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Booker Sanders appeals his sentence.

A jury found Sanders guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The district court imposed a within-guidelines sentence of 87 months in prison. We remanded the case for resentencing because the district court's comments suggested that it may have improperly lengthened Sanders's prison term to ensure that he had time to receive proper rehabilitative treatment.  On remand, the district court again sentenced Sanders to 87 months in prison, explaining that it had not lengthened the original sentence to ensure that Sanders had time for rehabilitative treatment.

On appeal, Sanders argues that his sentence is procedurally unreasonable because the district court failed to recognize that, in determining his sentence, it had the authority to consider his post-

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

sentencing efforts at rehabilitation. Sanders also argues that his sentence is substantively unreasonable because the district court's failure to give proper consideration to his post-sentencing rehabilitation resulted in a sentence that was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

In imposing Sanders's sentence, the district court did not commit procedural error, plain or otherwise, *see United States v. Morgan*, 687 F.3d 688, 693–94 (6th Cir. 2012), because it explicitly recognized its authority to consider Sanders's post-sentencing efforts at rehabilitation when determining his sentence.

We review the substantive reasonableness of Sanders's sentence under an abuse-of-discretion standard. *See United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). To be substantively reasonable, a sentence must be proportionate to the seriousness of the circumstances of the offense and offender and sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). *Id.* A sentence may be substantively unreasonable if the district court fails to consider a pertinent sentencing factor or gives an unreasonable amount of weight to any factor. *Id.* at 510. We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Sanders has not overcome the presumption that his sentence is substantively reasonable. The district court specifically considered the possibility of imposing a lesser sentence on account of Sanders's post-sentencing efforts at rehabilitation, but concluded that his positive actions while in a controlled prison environment did not necessarily demonstrate that he was unlikely to recidivate. Further, the district court reasonably concluded that the positive aspects of Sanders's rehabilitation efforts were outweighed by other relevant sentencing factors such as the seriousness of the crime,

the fact that Sanders's criminal history category underrepresented his criminal history, and the need

to protect the public.

Accordingly, we affirm Sanders's sentence.