NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0315n.06

No. 13-4277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| SHARON GRAHAM, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: GUY, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM. Sharon Graham appeals her 18-month sentence as procedurally and substantively unreasonable. As set forth below, we affirm.

Graham pleaded guilty to uttering or passing counterfeit currency, in violation of 18 U.S.C. § 472. According to Graham's plea agreement, the parties stipulated to an applicable base offense level of 9 under USSG § 2B5.1. The United States agreed to seek a two-level reduction for acceptance of responsibility.

At Graham's initial sentencing hearing, the district court calculated a guidelines range of 12 to 18 months based on a total offense level of 7 — the stipulated base offense level of 9 reduced by 2 levels for acceptance of responsibility — and a criminal history category of V. The government moved for a 3-level downward departure for substantial assistance, which the district court "somewhat reluctantly" accepted, resulting in a guidelines range of 4 to 10 months.

(R. 84, 10/9/13 Sent. Tr. 12, PageID# 427). During Graham's allocution, the district court questioned her about the pending charges listed in her presentence report: tampering with records, forgery; endangering children; and operating a motor vehicle under the influence. Despite the district court's warnings that any false statements would have a bearing on her sentence, including the possibility of an upward adjustment for obstructing or impeding the administration of justice, Graham insisted that those charges were not her cases and that someone had used her identity. The district court continued the sentencing hearing for verification of the charges against Graham.

Upon reconvening, the government was prepared to present the officers and video from Graham's arrest for operating a motor vehicle under the influence. Graham, having reviewed the video, admitted that the video depicted her arrest. The district court observed that "[t]his issue, while it may appear to be [tangential], . . . it goes directly to the history and characteristics of the defendant, and also goes to her honesty and integrity and candor when addressing the court in mitigation." (R. 86, 10/22/13 Sent. Tr. 6, PageID# 450). After addressing the sentencing factors under 18 U.S.C. § 3553(a) and stating a guidelines range of 12 to 18 months based on a total offense level of 7 and a criminal history category of V, the district court sentenced Graham to 18 months of imprisonment, "the high end of the guidelines," followed by three years of supervised release, and ordered her to pay restitution in the amount of $100. (*Id*. at 17, PageID# 461). When the district court asked for any objections to the sentence, defense counsel pointed out that the district court overlooked the 3-level downward departure for Graham's substantial assistance. The district court corrected the guidelines calculation to produce a guidelines range of 4 to 10 months, but varied upward from that range, concluding that an 18-month sentence was appropriate.

In this timely appeal, Graham challenges the 18-month sentence as procedurally and substantively unreasonable. We review the district court's sentencing determination for both procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Id*. at 51. Graham contends that the district court simply reaffirmed the 18-month sentence without reference to the § 3553(a) factors and without adequately explaining the chosen sentence or the deviation from the guidelines range. The district court initially imposed an 18-month sentence after a thorough analysis of the § 3553(a) factors. Upon correcting the guidelines range, the district court stated:

> I will stand by the 18-month sentence. It will be an upward variance based on the facts that I've talked about here, the circumstances of her prior record and history, her failure to provide the court with truthful and accurate information here in open court and necessitating a further hearing. While not overstating it, it gives rise to the fact that the defendant is not a good candidate for any noncustodial sentence. It also indicates that a lengthier sentence is needed once again to meet the purposes of the sentencing statute, just punishment, adequate deterrence, reflect the seriousness of the offense.
>
> The defendant . . . has not responded well to prior sanctions that were imposed for her numerous, numerous prior convictions, including the length of this sentence she's had of one year or 12 months.
>
> And so, therefore, . . . I will vary upward to the 18 months that I previously imposed, acknowledge that is outside the plea agreement, but I believe that the 18 months is appropriate for all the reasons I've previously stated.

(R. 86, 10/22/13 Sent. Tr. 21-22, PageID## 465-66). The district court specifically referred to several § 3553(a) factors in imposing the 18-month sentence as an upward variance and

adequately explained that sentence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B), (3). The record reflects a procedurally reasonable sentence.

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). Where, as in this case, the district court imposes a sentence outside the guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Graham asserts that the district court arbitrarily selected the 18-month sentence without addressing the § 3553(a) factors and gave an unreasonable amount of weight to her inaccurate statements at the initial sentencing hearing. As noted above, the district court expressly referenced several § 3553(a) factors in imposing the 18-month sentence as an upward variance. The district court did consider Graham's false statements, which required continuing the sentencing hearing to verify the pending charges and cast doubt on her cooperation, but also considered other factors, such as her lengthy criminal record and her prior incarceration's insufficiency to deter her. *See United States v. Jeter*, 721 F.3d 746, 757-58 (6th Cir. 2013).

In support of her argument that her sentence is substantively unreasonable, Graham points out that the district court declined to enhance her sentence for obstructing or impeding the

administration of justice under USSG § 3C1.1, which would have been limited to a 2-level increase. But the district court's upward variance was based not only on Graham's false statements, but also on her lengthy criminal record and the fact that her prior 12-month incarceration did not deter her.

Graham also argues that the district court did not depart upward based on her criminal history under USSG § 4A1.3(a)(1) but cited her criminal history as a basis for an upward variance under the § 3553(a) factors. Given the broader discretion involved in variances, "a district court does not necessarily abuse its discretion in considering criminal history that would not otherwise support a § 4A1.3 departure when that criminal history is directly relevant to the § 3553(a) factors." *United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010).

Finally, Graham contends that her 18-month sentence creates an unwarranted disparity with her codefendant, Deeana Pickett, who received four years of probation. "We have explained, however, that [the need to avoid unwarranted sentence disparities] concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct — not disparities between codefendants." *Conatser*, 514 F.3d at 521. "Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one coconspirator's decision to plead guilty and cooperate with the government." *Id*. at 522. The disparity between Graham's sentence and Pickett's is explained by Graham's dishonest allocution and the ineffectiveness of her prior sentences.

For the foregoing reasons, we affirm Graham's 18-month sentence as procedurally and substantively reasonable.