**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0404n.06

No. 13-1639

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jun 05, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ISMAEL GOMEZ, JR., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  WHITE, DONALD, and O'MALLEY, Circuit Judges.[*]

PER CURIAM.   Ismael Gomez, Jr., appeals his sentence as procedurally and substantively unreasonable.   The government has moved to dismiss the appeal based on an appellate-waiver provision in Gomez's plea agreement.   We AFFIRM Gomez's sentence and deny as moot the government's motion.

Gomez pleaded guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   The district court determined that, based on his total offense level of 27 and criminal history category of III, Gomez's guidelines range of imprisonment was 87 to 108 months (R.32 at 14).   Gomez moved the court for a downward variance on account of his cooperation with law enforcement (R.25-26).   The district court denied Gomez's motion and sentenced him to 108 months in prison (R.32 at 15).

_____

* The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

On appeal, Gomez argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its decision to deny his motion for a downward variance. Gomez also argues that his sentence is substantively unreasonable because the district court mischaracterized and placed undue weight on his criminal history and speculated concerning whether he was truthful in prior criminal proceedings.

We generally review a district court's sentencing determination under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be procedurally unreasonable if the district court fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review Gomez's procedural challenge for plain error, however, because his counsel failed to specifically raise the issue when given the opportunity to do so by the district court at the conclusion of the sentencing hearing (R.32 at 17). *See United States v. Brinley*, 684 F.3d 629, 635 (6th Cir. 2012). A sentence may be substantively unreasonable if the district court bases the sentence on an impermissible factor or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Gomez's sentence is procedurally reasonable because the district court adequately explained that it denied his motion for a downward variance based on several relevant sentencing factors, including the seriousness of his offense, his pattern of criminal activity, and his lack of respect for the law and high likelihood to recidivate (R.32 at 8-10, 14-15). In addition, Gomez has not overcome the presumption that his sentence is substantively reasonable. The evidence before the district court supported its findings that Gomez's criminal history included violence (Presentence Report at ¶¶ 50-52, 54). Further, the record does not reflect that the district court

gave improper weight to Gomez's criminal history in relation to the other relevant sentencing factors (R.32 at 8-10, 14-15).

Accordingly, we affirm Gomez's sentence and deny as moot the government's motion to dismiss the appeal.