**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0527n.06

No. 13-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
*Jul 17, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ANTHONY MARQUETTE PHILLIPS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM. Anthony Marquette Phillips appeals his sentence imposed by the district court.

Defendant Phillips pleaded guilty to attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and to discharge of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court found that Phillips is a career offender and determined that his guidelines range of imprisonment was 308 to 355 months. The court sentenced Phillips to consecutive prison terms of 235 and 120 months, respectively.

On appeal, Phillips raises the following challenges to his sentence: (1) the district court gave unreasonable weight to his criminal history by failing to discount several prior convictions that were remote in time; and (2) the court considered unreliable information when determining whether he shot two people during his prior offenses. We review a district court's sentencing determination under a deferential abuse-of-discretion standard for reasonableness, which has

both a procedural and a substantive component. *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence may be procedurally unreasonable where the district court selects the sentence based on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily or gives an unreasonable amount of weight to any pertinent sentencing factor. *See United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Phillips does not challenge the procedural reasonableness of his sentence, and he has not overcome the presumption that his sentence is substantively reasonable. Before imposing the sentence, the district court discussed several relevant sentencing factors, including the seriousness of Phillips's offenses, his significant and violent criminal history, and the need to afford adequate deterrence and protect the public. The record does not reflect that, in determining the sentence, the court acted arbitrarily or failed to give appropriate consideration to the age of Phillips's prior convictions. In addition, the district court did not clearly err by concluding that Phillips shot two people during his prior offenses. That conclusion was supported by state-court records, including probable-cause affidavits from law-enforcement officers who were familiar with the prior offenses, which had sufficient indicia of reliability to support their probable accuracy. *See United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010).

Accordingly, we AFFIRM Phillips's sentence.