**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0763n.06

No. 13-6255

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 03, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| JOSHUA EWING, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: COLE, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

PER CURIAM. Joshua Ewing appeals his sentence.

A jury found Ewing guilty of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court determined that, based on his total offense level of 24 and criminal history category of IV, Ewing's guidelines range of imprisonment for the robbery conviction was 77 to 96 months. Ewing's guidelines range for the firearm conviction was the statutory mandatory minimum term of 84 months. The district court sentenced Ewing to 77 months in prison for the robbery conviction, to be served consecutively to an 84-month term for the firearm conviction.

On appeal, Ewing argues that his sentence is procedurally and substantively unreasonable because the district court failed to properly consider that he had an abusive upbringing and mental health and substance abuse problems, that he had not served significant sentences for his

past crimes, that his criminal history category overstated the seriousness of his past criminal conduct and likelihood to recidivate, and that lengthy prison terms do not promote deterrence.

We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be procedurally unreasonable where the district court fails to consider the sentencing factors under 18 U.S.C. § 3553(a) or fails to adequately explain its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

In imposing Ewing's sentence, the district court stated that it had considered the sentencing factors under § 3553(a), and it explained that its chosen sentence was based largely on the guidelines. Further, the court reasonably concluded that a below-guidelines sentence was unwarranted based on the seriousness of Ewing's crimes and his significant and violent criminal history. Under the circumstances, Ewing has neither shown that the district court committed procedural error nor rebutted the presumption that his within-guidelines sentence is substantively reasonable.

Accordingly, we affirm Ewing's sentence.