**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name:  14a0924n.06

No. 14-3111

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 12, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| PEDRO MENDOZA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Pedro Mendoza pleaded guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court determined that, based on his total offense level of 37 and criminal history category of I, Mendoza's guidelines range of imprisonment was 210 to 262 months.  The court sentenced him to 210 months in prison.

On appeal, Mendoza argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its rejection of his argument that a downward variance was necessary to avoid unwarranted sentencing disparities and to account for the fact that he would be deported following his incarceration.  Mendoza also argues that his sentence is substantively unreasonable because the district court failed to give proper weight to his lack of criminal history, his likely deportation, and the need to avoid unwarranted sentencing disparities.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

We generally review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). We review Mendoza's procedural reasonableness arguments for plain error, however, because he failed to raise them when given the opportunity to do so by the district court at the conclusion of the sentencing hearing. *See United States v. Brinley*, 684 F.3d 629, 635 (6th Cir. 2012). To demonstrate plain error, Mendoza must show that the district court committed a clear or obvious error that affected both his substantial rights and the fairness, integrity, or public reputation of judicial proceedings. *See id.* A sentence may be substantively unreasonable if the district court fails to consider pertinent sentencing factors or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Before imposing the sentence, the district court discussed several relevant sentencing factors, including the seriousness of the offense, Mendoza's personal circumstances and lack of criminal history, and the need to promote respect for the law and provide a just punishment. The court also explained that it was rejecting Mendoza's request for a downward variance because imposing a guidelines sentence was the most effective way to avoid unwarranted sentencing disparities, and Mendoza's likely deportation did not outweigh the other relevant sentencing factors. Because the district court gave valid reasons for rejecting Mendoza's request for a downward variance, Mendoza has not shown that the court committed plain procedural error. And because the record does not reflect that the district court unreasonably weighed the relevant

sentencing factors, Mendoza has not overcome the presumption that his within-guidelines sentence is substantively reasonable.

Accordingly, Mendoza's sentence is AFFIRMED.