NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0260n.06

No. 14-1931

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

FILED
Apr 09, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DEONTE KAREEM KENNEBREW, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. Deonte Kareem Kennebrew appeals his sentence.

Kennebrew pleaded guilty to possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The district court determined that, based on his total offense level of 19 and criminal history category of V, Kennebrew's guidelines range of imprisonment was 57 to 71 months. The court sentenced Kennebrew to 57 months in prison.

On appeal, Kennebrew argues that his sentence is substantively unreasonable because the district court failed to properly weigh the severity of his mental health issues with the other relevant sentencing factors. We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be substantively unreasonable if the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir.

2008) (internal quotation marks and citation omitted). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

At sentencing Kennebrew's attorney requested a downward variance in light of Kennebrew's mental health history and lower level of culpability regarding the offense. He agreed that the presentence report was accurate, but argued that Kennebrew had "significant deficits in his intellectual functioning" that had gone untreated until recently and made him easily victimized by others whose "bad conduct" landed him in trouble. R. 28, Page ID 141-42. Although new medications had been helpful, Kennebrew "struggled" and "can't read particularly well." His IQ was "extremely low," although the attorney admitted that he wasn't "sure [he] agree[d] that it's as low as that measurement might be." Page ID 143. He emphasized that Kennebrew had not sought out the shotgun but that it had been brought to him by another, and there was no indication that he had used it or even moved it from where it had been hidden. Page ID 143-44. Kennebrew himself then addressed the court, apologizing to his family, admitting that he sometimes made "crazy choices." Page ID 147. In reply to the government's argument, Kennebrew's counsel also pointed out that Kennebrew's bad acts always occurred when he was with other people, again suggesting that he was easily led by others. Page ID 150.

After argument concluded, the district court explicitly addressed the section 3553(a) factors, including the need to come to a sentence that was "sufficient but not greater than necessary to achieve the purposes of sentencing," and in the process deter future wrongdoing as well as protect the public and promote respect for the law, while taking into consideration Kennebrew's individual characteristics as well as the crime. Page ID 151. He acknowledged that Kennebrew's mental health issues and passive role in the crime made this a "difficult case," but concluded that he would impose a sentence of 57 months. Page ID 151-52.

The district court discussed the reasons for the sentence, addressing Kennebrew's mental health issues in detail. He agreed that the IQ measurement of 61 seemed low, given Kennebrew's ability to take part in "basic interactions" at court. Page ID 152. He described Kennebrew as a "fully present, aware, and intelligent person," despite his reading difficulties, and expressed "doubts about the significance ultimately of any cognitive impairments" as indicated in the mental health report. Despite such impairments, the court found that Kennebrew did "function with other people effectively," albeit primarily in the course of "criminal activity." Page ID 152-53.

The court referenced Kennebrew's criminal history, which included two home invasion robberies, during one of which he was able to avoid immediate apprehension and later pled to a reduced charge, resulting in a lower criminal history score than he might otherwise have had. The court found that Kennebrew functioned effectively from a "street level perspective" and determined that his criminal history suggested a "troubling" pattern. Page ID 153-55. Finally, the court noted that Kennebrew was inconsistent in his explanations for how the shotgun arrived at his house, alternatively blaming his brother, a cousin, and a friend. Page ID 154. The court concluded that while there was a basis for the guilty plea, as well as a downward departure for accepting responsibility, there was no basis for a variance but did recommend mental health treatment as well as job training during Kennebrew's custody.

The district court's decision cannot be considered substantively unreasonable. The court addressed the appropriate factors and does not appear to have overly emphasized or failed to consider any single pertinent factor, given the argument and record in this case. Accordingly, we affirm Kennebrew's sentence.