**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0545n.06

No. 14-2612

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jul 31, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| GRACIELA FONSECA-LEYVA, aka | ) | MICHIGAN |
| Yesenia Sanchez-Magana, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges; STAFFORD, District Judge.[*]

PER CURIAM. Graciela Fonseca-Leyva, a.k.a. Yesenia Sanchez-Magana, appeals her sentence.

Fonseca-Leyva pleaded guilty to illegally reentering the United States after being deported subsequent to a felony conviction, in violation of 8 U.S.C. § 1326. The district court determined that, based on her total offense level of 10 and criminal history category of II, Fonseca-Leyva's guidelines range of imprisonment was 8 to 14 months. The court sentenced her to 12 months and a day in prison.

On appeal, Fonseca-Leyva raises two arguments: (1) her sentence is procedurally unreasonable because the district court mistakenly concluded that her criminal history category

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

was II rather than I as calculated in the presentence report; and (2) her sentence is substantively unreasonable because the district court failed to properly weigh the relevant sentencing factors.

We review Fonseca-Leyva's procedural challenge only for plain error because she failed to raise the objection at the sentencing hearing when given the opportunity to so do by the district court. *See United States v. Rogers*, 769 F.3d 372, 384 (6th Cir. 2014). Upon review, we conclude that no error occurred. The initial presentence report calculated Fonseca-Leyva's criminal history category to be I, but that calculation was subsequently revised. In the final presentence report, on which the district court relied, Fonseca-Leyva's criminal history category was calculated to be II, and she has not identified any error in that calculation.

Fonseca-Leyva also argues that her sentence is substantively unreasonable because the district court failed to properly weigh the relevant sentencing factors, including her personal circumstances. We review sentences under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent sentencing factors, or gives unreasonable weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Before imposing the sentence, the district court discussed several relevant sentencing factors, including the nature of the offense, Fonseca-Leyva's criminal history and personal circumstances, and the need to afford adequate deterrence and promote respect for the law. And the court reasonably concluded that any mitigating factors were outweighed by Fonseca-Leyva's

lack of respect for immigration laws, her recidivism, and the need for general and specific deterrence. Under the circumstances, Fonseca-Leyva has not overcome the presumption that her within-guidelines sentence is substantively reasonable.

Accordingly, we affirm Fonseca-Leyva's sentence.