NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0426n.06

Case No. 22-3006

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Oct 21, 2022 |
| | | DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| ANTHONY DARNELL BONNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; STRANCH and DAVIS, Circuit Judges.

SUTTON, Chief Judge. Police searched Anthony Bonner's home and found three handguns, cash, and an assortment of illegal narcotics. An indictment followed and Bonner pleaded guilty to all charges. The district court sentenced Bonner to 87 months in prison. Bonner challenges his sentence. Finding no error, we affirm.

Police officers searched a house in Youngstown, Ohio, based on their suspicion that Bonner used the house to sell cocaine. Upon entry, they found crack and powder cocaine, methamphetamine, fentanyl, over $4,000, and three handguns. They arrested Bonner and Robert Jeter, the home's two occupants.

A grand jury charged Bonner with being a felon in possession of a firearm and with possessing crack and powder cocaine with intent to distribute. Bonner pleaded guilty to all three counts.

At sentencing, the district court calculated Bonner's advisory guidelines range as 60–71 months, with a mandatory minimum of 60 months. According to the court, the probation officer had recommended an upward variance, prompting the district court to ask Bonner to respond with any mitigating evidence or other arguments for leniency. After hearing the competing arguments, the district court concluded that an 87-month sentence was necessary to account for Bonner's history and recidivism and the danger these guns and narcotics posed to the community.

On appeal, Bonner challenges his sentence on procedural and substantive grounds.

*Procedural challenge.* Bonner contends that the district court failed to provide advance notice that it was considering an upward variance, making his sentence procedurally unreasonable. Before imposing a statutory *departure* from the guidelines, *see* U.S.S.G. § 5K2.0, it is true, a court must notify the defendant, *see* Fed. R. Crim. P. 32(h). But no such rule applies to variances. *See United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). And all agree that the district court in this case imposed a variance. *See* R.56 at 2; Appellant's Br. 22; Appellee's Br. 31.

Even so, a variance cannot suddenly emerge from a clear blue sky—it must be based on facts or issues whose invocation the defendant could have reasonably anticipated. If the facts invoked by the district court to impose the variance were not "reasonably foreseeable," the resulting sentence may be unreasonable due to "prejudicial surprise." *Coppenger*, 775 F.3d at 804. That's not what happened, however. The initial and final pre-sentence investigation reports explained that Bonner's history and characteristics may warrant a variance. Those warnings put Bonner on notice. *See United States v. Zabel*, 35 F.4th 493, 506 (6th Cir. 2022).

On top of that, the district court at the outset of the sentencing hearing told Bonner that the probation office had recommended an upward variance. After calculating the guidelines, the district court repeated the recommendation, this time adding that it was based on Bonner's history,

his record, and his adjustment to incarceration. The court provided Bonner an opportunity to "argue either against it" or for another sentence. R.63 at 6. That procedure gave Bonner "a reasonable opportunity to respond" to the identified grounds for a variance. *Coppenger*, 774 F.3d at 804; *see United States v. Vowell*, 516 F.3d 503, 515–16 (6th Cir. 2008). No error occurred.

*Substantive challenge.* Bonner also argues that his sentence was substantively unreasonable—that his 87-month sentence was "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Because crafting a sentence "is a matter of reasoned discretion, not math," we review the length of the sentence for abuse of discretion. *Id.*

Nothing of the sort happened. The district court properly calculated an advisory guidelines range of 60–71 months. From that starting point, the district court varied to 87 months. Its decision to do so was thoroughly explained and well-grounded in the § 3553(a) factors. Those factors require district courts to impose a sentence that takes into consideration a defendant's history and characteristics, reflects the seriousness of the crime, protects the public, and deters future crimes. *See* 18 U.S.C. § 3553(a). That is what the court did.

Start with the seriousness of the crime. At his arrest, Bonner had various quantities of crack and powder cocaine, heroin, methamphetamine, and fentanyl. The district court found that this variety showed Bonner was a "substantial seller of drugs." R.63 at 25. His "high-level drug trafficking" deserved a higher sentence, the court found. *Id.* at 14.

Move to public protection. While all controlled substances pose risks, the district court found that Bonner dealt in "[s]ome of the most deadly drugs," the kinds that are "a blight on our communities." *Id.* at 15, 24; *see United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Because this was his fourth offense involving a firearm, Bonner's "propensity for firearms" heightened the future risks to the community, the court found. R.63 at 28.

Turn to deterrence. The district court reasoned that Bonner's persistent recidivism over his nearly 30-year criminal history merited an above-guidelines sentence. *See United States v. Johnson*, 934 F.3d 498, 501 (6th Cir. 2019). That is a reasonable reaction to Bonner's record. As an adult, Bonner has had roughly 20 separate criminal convictions. He has violated state or federal probation seven times. And his arrest in this case came five months after he completed a sentence for a crime involving cocaine and a firearm.

Altogether, the district court concluded that an 87-month sentence accorded with the "risk [Bonner] poses while in the community, his inability to comply with the law, and his constant drug trafficking activities." R.63 at 36. That explanation reasonably matched "the degree of variance." *Gall v. United States*, 552 U.S. 38, 47 (2007).

Bonner resists this conclusion on several fronts. He insists that the district court gave *too little* weight to several mitigating factors: his tragic childhood, learning disability, substance abuse, and contrition. The transcript shows otherwise. The district court considered the good and the bad. It recounted "the facts that [Bonner] now points to and found that his sentence was justified despite them." *United States v. Sherrill*, 972 F.3d 752, 771 (6th Cir. 2020). That the district court found these mitigating facts less weighty than Bonner claims does not sink to an abuse of discretion. *See id.*

Bonner argues that the district court gave *too much* weight to reports that Bonner violated prison rules. But the court disclaimed any reliance on the reports. Bonner's "conduct while in the community," it explained, "alone warrants this sentence." R.63 at 33.

Bonner argues that the district court erred by using his past offenses to vary upward because this information was baked into the guidelines range. But "we have declined to impose a 'bright-line rule' that district courts cannot rely on factors accounted for by the Guidelines in imposing a

4

variance, . . . and we have affirmed the imposition of sentences that deviate from the Guidelines to some degree based upon a defendant's criminal history." *United States v. Warren*, 771 F. App'x 637, 642–43 (6th Cir. 2019) (quoting *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010) (noting that such a rule would "preclude" the district court from complying with § 3553(a)'s mandate)); *see United States v. Lanning*, 633 F.3d 469, 475 (6th Cir. 2011) (finding the defendant's criminal history a factor that "may properly be taken into account" in deciding to impose an upward variance). Bonner's suggestion that "double counting" occurred does not fit the situation: many of his prior offenses were non-scoring events, meaning they did not enter into the advisory guidelines range anyway. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). And the court looked to Bonner's propensity for recidivism, the seriousness of his offense, and the danger he posed to the community. These present legitimate independent reasons to vary upward, just as they present legitimate independent reasons to vary downward if each factor cuts in the other direction. *See United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (affirming upward variance where the court "stressed as significant factors" the defendant's "criminal and recidivist history, and the need to deter him from committing more crimes, and thus protect the public"); *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020) (same). No error occurred.

We affirm.

5